ABRAMSON–ENGESSER CO. v. McCAFFERTY et al.

(Supreme Court, Appellate Term. January 19, 1904.)

1. BUILDING CONTRACTS—CERTIFICATE OF ARCHITECT.

Where the architect, of whom a building contract provides that the contractor shall obtain a certificate as a condition of payment, is one of the owners and contracting parties, the demand and refusal of payment is equivalent to a demand and refusal of the certificate.

2. SAME—WAIVER.

There is a waiver of the provision in a building contract for a certificate from the architect before each payment is to be made, where all but a part of the last payment is made without a certificate.

3. SAME—PAROL EVIDENCE.

Where a building contract provides only for certain money payments, it may not be shown that just before its execution it was also agreed that the builder should be given certain old materials.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Abramson-Engesser Company against Robert McCafferty and another. From a judgment for plaintiff, defendants appeal. Reversed in part.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Redfield, Redfield & Lydon, for appellants.
Charles Firestone, for respondent.

¶ 2. See Contracts, vol. 11, Cent. Dig. § 1317.

GILDERSLEEVE, J.   The action was brought to recover the sum of $234.65 for work, labor, and materials furnished under a contract between the parties, and also for the value of certain old materials designated in the bill of particulars as "property retained by defendants," which, as plaintiff claims, the defendants agreed to deliver to the plaintiff, but failed to do so.   The justice found for the plaintiff for the whole amount claimed.   Defendants appeal.

The pleadings are oral.   There was a sharp conflict of testimony as to most of the facts upon which the plaintiff based its claim, and as to these disputed questions we shall accept the finding of the justice as conclusive.

The contract between the parties for the work, labor, and services is in writing, and provides for payment in installments, as follows, viz.:

"When all the work is delivered at the building, the sum of $600; when all the work is put up, the sum of $600; when all the work is completely finished, the sum of $650; all the above payments to be one-half cash and one-half promissory notes at three months; provided that, in each of the said cases, a certificate shall be obtained and signed by the said R. W. Buckley."

Certain additional work was done under the terms of the written contract, which raised the aggregate claim of the plaintiff to $2,-159.85, exclusive of the $75 claimed for property retained by defendants.   The last payment to plaintiff of $200 on account of the final payment reduced plaintiff's claim to $159.65 under the written contract.

It is conceded that no certificate was obtained or even asked for by plaintiff for the final payment; the said Buckley appears to be one of the makers of the contract, and is one of the defendants in this action.   The rule is well settled that where the obtaining of such a certificate is a condition precedent to payment, the plaintiff should either produce the certificate or give sufficient proof to show that it was unreasonably refused.   In the case at bar the plaintiff had received the first two installments of payment and all of the last except the sum of $159.65.   The additional sum of $75, for which judgment was given, was the value of the old materials, which defendants had failed to deliver to plaintiff, as above stated.   The person of whom the certificate was to be obtained was, as we have seen, one of the contracting parties with whom the plaintiff was in dispute as to this very balance alleged to be due.   It is true that the plaintiff contracted that such a certificate from the defendant Buckley should be a condition precedent to each payment, but, in view of the peculiar circumstances of this case, we do not think the general rule can be applied as to the necessity of showing a demand for the certificate. Moreover, since all previous payments, so far as appears, were made without a certificate, it may be said the provisions of the contract in respect of the certificate had been waived, and again the refusal to pay was, under the circumstances, equivalent to refusal of a certificate, since the architect was one of the contracting parties.   The plaintiff was therefore at liberty to go on and prove the unreasonableness of the defendant Buckley and his partner in refusing payment of the balance due.   The plaintiff's president testified that the work,

pursuant to time and conditions of the said contract, had been completed, and various sums of money had been paid on account of said contract. For these reasons we are not disposed to disturb the finding by the trial justice of defendants' liability to the extent of $159.65.

As to the agreement by which the plaintiff was to have the old materials, which have been valued at $75, the defendants objected to the admission of the plaintiff's evidence, on the ground that the contract was in writing, and it was improper to attempt to vary its terms by oral testimony. The stenographer's minutes on this point are as follows:

"Q. By the Court: Prior to the signing of that contract, you and McCafferty had a conversation, and he was to allow you the doors and other material that was in that room, and you were to allow him a certain amount off on your work? Is that it? A. Yes. Q. That was prior to signing the contract? A. Yes. Q. And did you sign the contract that day? A. Yes. The Court: I shall let him answer the question. Exception by defendants."

Plaintiff's president is then allowed to testify as to a demand for these materials, and the ultimate refusal of defendants to let him have them, and also to show the value thereof. As the contract says nothing about allowing plaintiff these old materials, the oral proof setting forth an alleged agreement to that effect, claimed by plaintiff to have been entered into just before the signing of the written contract, was inadmissible, as all the conditions of the contract must be assumed to be set forth in the written instrument. It was upon this evidence that an award of $75 was added to the $159.65, allowed as balance due on the written contract. This was an error.

Could we treat plaintiff's claim for $75 as resting upon a separate and independent agreement, and as constituting a second cause of action, it might, possibly, be sustained. Under the pleadings and the proof we do not consider such a course tenable.

The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event, unless the plaintiff stipulates to deduct the sum of $75; in which event the judgment is to be modified accordingly, and, as thus modified, affirmed, without costs. All concur.